**IN THE UNITED STATES
DISTRICT COURT OF KANSAS**

| | |
|---|---|
| **TIMOTHY CURRENT** ) | |
| ) | |
|        **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **AMAZON.COM SALES, INC.** ) | |
| SERVE: ) | |
| Corporation Service Company ) | |
| 1100 SW Wanamaker Rd., Suite 103 ) | |
| Topeka, KS 66604 ) | |
| ) | |
| **AMAZON.COM SERVICES, LLC** ) | |
| SERVE: ) | |
| Corporation Service Company ) | |
| 1100 SW Wanamaker Rd., Suite 103 ) | |
| Topeka, KS 66604 ) | |
| ) | **Case No.** _____ |
| **AMAZON.COM SERVICES, INC.** ) | |
| SERVE: ) | **JURY TRIAL DEMANDED** |
| Corporation Service Company ) | **IN KANSAS CITY, KANSAS** |
| 300 Deschutes Way SW, Suite 208 ) | |
| MC-CSC1, ) | |
| Tumwater, WA 98501 ) | |
| ) | |
| **SEGWAY, INC.** ) | |
| SERVE: ) | |
| The Corporation Trust Company ) | |
| Corporation Trust Center ) | |
| 1209 Orange St. ) | |
| Wilmington, DE 19801 ) | |
| ) | |
| **NINEBOT, INC.** ) | |
| SERVE: ) | |
| Business Filings Incorporated ) | |
| 108 West 13th St. ) | |
| Wilmington, DE 19801 ) | |
| ) | |
| **NINEBOT ACQUISITION CORP.** ) | |
| SERVE: ) | |
| The Corporation Trust Company ) | |
| Corporation Trust Center ) | |
| 1209 Orange St. ) | |

Wilmington, DE 19801 )
)
**NINEBOT, LTD.** )
SERVE: )
Via The Hague Convention )
)
**NINEBOT (CHANGZHOU)** )
**TECH CO., LTD.** )
SERVE: )
Via The Hague Convention )
)
   **Defendants.** )

## COMPLAINT

For his causes of action against the defendants, plaintiff states and alleges the following.

## PARTIES, JURISDICTION, & VENUE

1.     This case pertains to a defective and unreasonably dangerous Segway-Ninebot S Smart Self-Balancing Electric Scooter with LED (Model No. N3M240, Serial No. N3MAE2044K0429) (the "Segway") that was sold to Timothy Current on or around June 5, 2021.

2.     Amazon.com Sales, Inc., Amazon.com Services, LLC, Amazon.com Services, Inc. (the "Amazon defendants"), Segway, Inc., Ninebot, Inc. Ninebot Acquisition Corp., Ninebot, Ltd., and Ninebot (Changzhou) Tech. Co., Ltd. (the "Segway-Ninebot defendants") designed, tested, manufactured, distributed, advertised, and/or sold in the stream of commerce a defective and unreasonably dangerous Segway to plaintiff in Gardner, Kansas.  The Segway caused severe personal injuries to plaintiff on February 6, 2024, while it was being used as intended by the defendants.

3.     At all relevant times, plaintiff Timothy Current has resided in Johnson County, Kansas.

4.     At all relevant times, defendant Amazon.com Sales, Inc. (ASI) has been a Delaware for-profit corporation with a principal place of business in Seattle, Washington. ASI has committed

2

tortious acts in Kansas. ASI can be served with process by serving its registered agent identified above.

5. At all relevant times, defendant Amazon.com Services, LLC (ASL) has been a Delaware LLC with a principal place of business in Seattle, Washington. ASL has committed tortious acts in Kansas. ASL can be served with process by serving its registered agent identified above.

6. At all relevant times, defendant Amazon.com Services, Inc. has been a Delaware for-profit corporation with a principal place of business in Seattle, Washington. It has committed tortious acts in Kansas. It can be served with process by serving its registered agent identified above.

7. At all relevant times, defendant Segway, Inc. has been a Delaware corporation with a principal place of business in Arcadia, California. Segway has committed tortious acts in Kansas. Segway can be served with process by serving its registered agent identified above.

8. At all relevant times, defendant Ninebot, Inc. has been a Delaware corporation with a principal place of business in Arcadia, California. Ninebot has committed tortious acts in Kansas. Ninebot can be served with process by serving its registered agent identified above.

9. At all relevant times, defendant Ninebot Acquisition Corp. has been a Delaware corporation with a principal place of business in Arcadia, California. Ninebot Acquisition Corp. has committed tortious acts in Kansas. It can be served with process by serving its registered agent identified above.

10. At all relevant times, defendant Ninebot, Ltd. has been a Cayman Islands corporation with a registered office located at Maples Corporate Services Limited, P.O. Box 309, Ugland House, South Church Street, George Town, Grand Cayman, KY1-1104, Cayman Islands,

3

and a principal place of business located at Building A4, Zhongguancun Dongsheng Sci. & Tech. Park, 66 Xixiaokou Road, Haidan District, Beijing, 100192, China.  At all relevant times, Ninebot, Ltd. is and was the parent company of the Segway-Ninebot global enterprise described herein.

11.    At all relevant times, defendant Ninebot (Changzhou) Tech. Co., Ltd. has been a Chinese business entity. It has committed tortious acts in Kansas. It has a main office on Floor 16 & 17, Block A, Building 3, Chuangyan Port, Changzhou Science and Education City, No. 18, Changwu Middle Road, Wujin District Changzhou, Jiangsu, 213164, China. On information and belief, defendant Ninebot (Changzhou) Tech. Co., Ltd. operates through multiple entitles in the United States.

12.    In approximately 2015, Ninebot purchased Segway, Inc. Following the merger of these two entities, the Ninebot entities began to rebrand as Segway-Ninebot. "Segway-Ninebot" has strategic headquarters in the United States, The Netherlands, and China as well as manufacturing centers in the United States and China.

13.    On information and belief, the "Segway-Ninebot" defendants are engaged in a single global business enterprise, so organized and controlled that they function as a single entity with no separate mind, will, or existence on their own. On information and belief, they operate under the brand name "Segway-Ninebot."

14.    This Court has subject matter jurisdiction over the claims here pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and involves citizens of different states.

15.    This Court has general and specific personal jurisdiction over each of the defendants for the following reasons:

   a.    They knowingly, intentionally, and deliberately placed the Segway into the stream

4

of commerce under circumstances such that defendants should reasonably anticipate being haled into court in Kansas to answer claims about the failure of their product in Kansas;

b. The Segway was first sold and put in the stream of commerce in Kansas;

c. Defendants place their products into the stream of commerce by targeting Kansas consumers through various websites;

d. Each of the defendants have purposefully availed themselves of the jurisdiction of the courts of Kansas by designing, manufacturing, testing, marketing, and selling products to Kansas residents;

e. Each of the defendants have a regular plan for the distribution of its products in Kansas hoping to achieve a commercial benefit from the sale of products in Kansas;

f. Each of the defendants engage in national marketing of their products that intentionally pervade into the Kansas market;

g. Each of the defendants target marketing specific to Kansas;

h. Each of the defendants oversee aspects of their product warranty process from within Kansas;

i. Each of the defendants send recall notices related to safety defects into Kansas;

j. Each of the defendants have an interactive website accessible in Kansas through which products are sold to Kansas residents and businesses;

k. Each of the defendants have thousands (if not more) customers in Kansas;

l. Each of the defendants derive significant profits each year from sales of products in Kansas;

m. Each of the defendants hold patents and/or trademarks which they demand must be

honored in Kansas;

n. Each of the defendants have committed negligent and tortious acts both inside and outside of Kansas that caused damages in Kansas; and

o. The claims here are connected with and/or relate to the defendants' extensive contacts with Kansas.

16. Each of the defendants had minimum contacts with Kansas and are doing business in Kansas, for example, by entering into contracts, sending written and digital communications, maintaining websites, advertising, selling products and product warranties, and committing torts in Kansas.

17. The claims asserted here arise from the defendants' minimum contacts and business in Kansas.

18. K.S.A. § 60-308(b)(1) establishes specific personal jurisdiction over each of the defendants in the following respects:

a. Each defendant has transacted business in Kansas, as explained above [60-308(b)(1)(A)];

b. Each defendant has committed tortious acts in Kansas, including but not limited to the design, manufacture, testing, marketing, distribution, and sale of the Segway at issue [60-308(b)(1)(B)];

c. Each defendant caused damages to persons and property in Kansas because each were engaged in the sale of products in Kansas that were used or consumed in Kansas in the ordinary course of trader or use, as explained above [60-308(b)(1)(G)].

19. K.S.A. § 60-308(b)(2) establishes general personal jurisdiction over each of the

defendants because, as explained above, each of the defendants have had substantial, continuous, and systematic contact with Kansas that supports jurisdiction consistent with the constitutions of the United States and of Kansas.

20.    ASI and ASL are both registered to do business in Kansas. This Court has consent jurisdiction over both.

21.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and the doctrine of *lex loci* because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in Kansas.

22.    Venue for this action is proper in this Court because the injuries caused by the defective and unreasonably dangerous Segway occurred in Kansas.

### BACKGROUND FACTS

23.    On or around June 5, 2021, plaintiff purchased the Segway on Amazon.com. The Segway was shipped to his home located in Gardner, Kansas.

24.    At the time of the sale, the Amazon defendants listed Amazon.com Services, Inc. and the Segway-Ninebot defendants as sellers of the Segway on Amazon's marketplace.

25.    After plaintiff purchased the Segway, the Amazon defendants confirmed the purchase and notified plaintiff regarding the shipment.

26.    Prior to February 6, 2024, on information and belief, defendants sold numerous substantially similar products to the Segway to consumers, including plaintiff.

27.    On February 6, 2024, sometime between approximately 2:30-2:45 p.m., plaintiff sustained serious injuries when the Segway he was riding in his neighborhood malfunctioned when it without warning, suddenly came to a rapid full stop at a high rate of speed and threw plaintiff from the Segway onto the asphalt.

28. At or around the same time, the street on which plaintiff was riding was flat.

29. At or around the same time, the asphalt on the street was dry.

30. At or around the same time, there were no adverse weather conditions.

31. At or around the same time, there were no obstacles or items in the Segway's path.

32. At or around the same time, to the best of his recollection, plaintiff was riding the Segway and traveling in excess of 8 mph and was complying with all of the instructions set forth in the manual that was provided to him by the defendants.

33. Plaintiff properly maintained and stored the Segway in accordance with the manual that was provided to him by the defendants.

34. Plaintiff did not alter, abuse, or misuse the Segway in any way.

35. At all relevant times, plaintiff used the Segway in its intended manner.

36. Plaintiff in no way caused or contributed to cause his own injuries and damages.

37. As a direct and proximate result of the defendants' acts and omissions set forth above and below, plaintiff sustained and will in the future sustain injuries and damages in excess of $75,000, including, but not limited to, the following:

    a. Economic damages including but not limited to past and future expenses for medical devices and aids, medications, medical and nursing care and treatment, and rehabilitation therapies;

    b. Severe and disabling personal injuries, including numerous fractures to his left arm and elbow, including but not limited to a right open intra-articular distal humerus fracture with repair necessitating three titanium plates and twenty-two screws;

    c. Past and future pain and suffering associated with all of his injuries;

    d. Past and future limitations in abilities and motions;

e.  Past and future loss of the capacity for the enjoyment of life and loss of the ability to engage in many of life's normal pursuits and activities of daily living;

f.  Past and future loss and/or impairment of his ability to perform services in the household and the discharge of his domestic duties, as well as loss and/or impairment of his companionship, aid, assistance, comfort, and society; and

g.  All other damages allowed under applicable law.

**COUNT I – 402A STRICT LIABILITY**
**(ALL DEFENDANTS)**

38.  Plaintiff incorporates herein by reference all allegations contained in paragraphs 1 through 37.

39.  At all relevant times, defendants were in the business of designing, manufacturing, testing, marketing, assembling, inspecting, selling, and distributing products like the Segway in the United States, including the State of Kansas.

40.  Ninebot (Changzhou) Tech. Co., Ltd. is listed on the Segway as the manufacturer of the product.

41.  Importers of consumer products like the Segway are "manufacturers" under the law. 15 U.S.C.A. § 2052(a)(11).

42.  On information and belief, the Segway-Ninebot and Amazon defendants are the importers, manufacturers, and distributors of the Segway.

43.  The Amazon defendants cannot avail themselves of K.S.A. § 60-3306 because:

a.  They had knowledge of the defective and unreasonably dangerous condition of the Segway;

b.  They had and assumed duties to test and analyze consumer products for defective and dangerous conditions, they breached those duties, and had they not breached

9

those duties, they could have discovered the defective and unreasonably dangerous condition of the Segway simply by exercising due care;

c.  On information and belief, as a direct importer of the product, they are "manufacturers" under federal law and the preemption doctrine;

d.  The Chinese manufacturer may not be subject to service of process under the laws of the State of Kansas; and

e.  Even if the Chinese manufacturer is subject to proper service, it is not reasonably certain any judgment the plaintiff might obtain against the manufacturer could be satisfied by the manufacturer alone.

44.  The defendants placed the Segway into the stream of commerce and more specifically, the State of Kansas.

45.  At the time it was placed into the stream of commerce by defendants, the Segway was defective and unreasonably dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchased it, with the ordinary knowledge common to the community as to its characteristics.

46.  Because of its defective nature, the Segway was unfit and unreasonably dangerous when used in a foreseeable manner, and defendants knew, or in the exercise of reasonable care, should have known, the same.

47.  At the time it was placed into the stream of commerce by defendants, the Segway was defective and unreasonably dangerous in design, manufacture, and warnings. In particular:

a.  The components of the Segway were improperly designed, tested, manufactured, and assembled causing it to unexpectedly and without warning shut off or stop at a high rate of speed, making consumers susceptible to fall hazards and life-altering

injuries;

b. The Segway was likely to cause and did cause injuries due to its improper design, testing, manufacture, and assembly;

c. It did not perform in a safe manner when used as expected;

d. The defendants' warnings and instructions regarding the Segway and its operation were insufficient and defective; and

e. The Segway and/or its packaging and manual did not contain any warning that it can unexpectedly and without warning shut off or stop at a high rate of speed, posing an extreme fall and injury hazard to users; and

f. No post-sale warnings were given to plaintiff and others who purchased the product after defendants received notice and reports of problems with the product.

48. Because the Segway was sold without any warnings relative to these dangers, plaintiff was unaware that the Segway was unsafe to be used as intended.

49. Plaintiff would have heeded an adequate warning given, including on-product warnings, warnings in the owner's manual or related paperwork, and/or post-sale warnings.

50. The Segway was used as intended by the defendants. It was not misused. It was not altered. It was not abused.

51. At the time of the incident, the Segway was in the same condition it was in when defendants put it into the stream of commerce.

52. The defective and unreasonably dangerous condition of the Segway was not open and obvious.

53. The injuries and damages suffered by plaintiff were reasonably foreseeable to defendants.

11

54.    The defective and unreasonably dangerous condition of the Segway caused or contributed to cause the injuries and damages plaintiff seeks to recover in this case.

WHEREFORE, plaintiff seeks judgment in his favor, and against the defendants, on Count I of his complaint, for damages in excess of $75,000, for pre- and post-judgment interest, for his fees, costs, and other such relief as the Court deems appropriate.

## COUNT II – NEGLIGENCE
### (ALL DEFENDANTS)

55.    Plaintiff incorporates herein by reference all allegations contained in paragraphs 1 through 54.

56.    The defendants knew or should have known that the Segway would be used in accordance with the instructions set forth in the manual, including riding the Segway at rates of speed in excess of 8 mph. The defendants promoted and encouraged consumers to ride their product and represented that it was fit and appropriate for this use.

57.    As manufacturers and sellers of the Segway, each of the defendants had a duty to use ordinary care in the design of the product so that it would be reasonably safe for the use for which it was intended or which can reasonably be anticipated. In exercising this duty, ordinary care must be exercised by the defendants to design, manufacture, advertise, and sell the product in a way that the product is reasonably safe for the ordinary consumer who possesses knowledge common to the community as to the product's characteristics. The defendants breached these duties. The defendants failed to exercise ordinary care. The defendants were negligent.

58.    The defendants, as manufacturers and sellers of the Segway, had a duty to make such tests for defects as are reasonably necessary to assure safety of the product manufactured. The defendants breached these duties. The defendants failed to exercise reasonable care. The defendants were negligent.

12

59. The defendants as manufacturers and sellers of the Segway which they know, or by the exercise of ordinary care should know, is potentially dangerous to users thereof, had a duty to give adequate warnings of such danger where injury to a user thereof can be reasonably anticipated if an adequate warning is not given. The duty to warn includes a duty to provide a warning to dangers inherent in use and the duty to provide adequate instructions for safe use. This includes post-sale duties to warn. The defendants breached these duties. The defendants failed to exercise reasonable care. The defendants were negligent.

60. The acts and omissions of the defendants described above caused or contributed to cause the damages and injuries the plaintiff seeks to recover in this case.

WHEREFORE, plaintiff seeks judgment in his favor, and against the defendants, on Count II of his complaint, for damages in excess of $75,000, for pre- and post-judgment interest, for his fees, costs, and other such relief as the Court deems appropriate.

### COUNT III – KANSAS CONSUMER PROTECTION ACT
### (ALL DEFENDANTS)

61. Plaintiff incorporates herein by reference all allegations contained in paragraphs 1 through 60.

62. The defendants are "suppliers" as defined by K.S.A. § 50-624(1).

63. Plaintiff is a "consumer" as defined by K.S.A. § 50-624(b).

64. The purchase of the Segway was a "consumer transaction" as defined by K.S.A. § 50-624(b).

65. The Segway is "property" as defined by K.S.A. § 50-624(j).

66. Before purchasing the Segway, plaintiff engaged in online research. He compared different makes and models of similar products. He relied on the representations and statements by the defendants on their websites, on the product itself, and in materials provided with the

product. But for those representations and statements by the defendants, plaintiff would not have purchased and used the product.

67.     The defendants engaged in the following deceptive acts and practices in violation of K.S.A. § 50-626 when they sold the Segway:

 a. Made representations knowingly or with reason to know that the product had characteristics, uses, and benefits that it did not have;

 b. Made representations knowingly or with reason to know that the product was of a particular standard, quality, grade, style, or model when in fact it differed materially from the representations; and

 c. Made representations knowingly or with reason to know that the product had uses, benefits, or characteristics when in fact the product did not.

68.     The defendants engaged in the following unconscionable acts and practices in violation of K.S.A. § 50-627 when they sold the Segway:

 a. They knew or had reason to know that plaintiff was unable to receive a material benefit from the subject of the transaction; and

 b. They made misleading statements of opinion regarding the proper use and quality of the product on which plaintiff was likely to rely, and did rely, to his detriment.

69.     The acts and omissions in the preceding two paragraphs, on which the plaintiffs relied, were made by the Amazon defendants on their website, from which the Segway was purchased by plaintiff in July of 2021; from Segway's website at or about the same time period; in the instruction manual and literature that accompanied the Segway after it was purchased; in the warnings provided with the product; and in the on-product instructions and warnings.   In purchasing and using the Segway, plaintiff reasonably relied on all the representations and

statements made on Amazon's website, Segway's website, in the instruction manual and literature that accompanied the product after it was purchased, the warnings provided with the product, and the on-product instructions and warnings.

70.    The plaintiff is an aggrieved consumer and suffered damages as a direct and proximate result of the defendants' acts and omissions in violation of the KCPA. He bought a product that was represented by defendants to be of a certain quality and appropriate for certain uses. While being used as expected by defendants, after plaintiff followed all instructions and heeded all warnings, the defective and unreasonably dangerous Segway caused significant injuries and damages to plaintiff.

71.    More specifically, defendants intentionally and deliberately violated the KCPA by misrepresenting, marketing, and selling the Segway through knowingly deceptive and misleading websites. In doing so, the defendants represented that the Segway had sponsorship, approval, characteristics, uses, or benefits that it did not have [K.S.A. § 50-626(b)(1)(A)]; represented that the Segway is of particular standard quality, grade, style, or model, when in fact the product is of another that differs materially from defendant's representations [K.S.A. § 50-626(b)(1)(D)]; and engaged in the willful failure to state material facts, or the willful concealment, suppression, or omission of material facts regarding the product [K.S.A. § 50-626(b)(3)].

72.    Under the KCPA, plaintiff has a right to recover his attorney's fees.

73.    The acts and omissions of the defendants described above caused or contributed to cause the injuries and damages that plaintiff seeks to recover in this case.

WHEREFORE, plaintiff seeks judgment in his favor, and against the defendants, on Count III of his complaint, for damages in excess of $75,000, for pre- and post-judgment interest, for his fees, costs, and other such relief as the Court deems appropriate.

15

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

/s/ *Rachel N. Boden*

Rachel N. Boden                    KS #26238
Randall L. Rhodes          KS #15811
ROUSE FRETS WHITE GOSS GENTILE RHODES, P.C.
5250 West 116th Place, Suite 400
Leawood, Kansas 66211
(913) 387-1600
(913) 928-6739 – facsimile
rboden@rousepc.com
rrhodes@rousepc.com

***Attorneys for Plaintiff***

16