**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

TIMOTHY CURRENT,

        Plaintiff,

v.

AMAZON.COM SALES, INC.,
AMAZON.COM SERVICES, LLC,
AMAZON.COM SERVICES, INC.,
SEGWAY, INC.,
NINEBOT, INC.,
NINEBOT ACQUISITION CORP.,
NINEBOT, LTD., and
NINEBOT (CHANGZHOU) TECH CO., LTD.,

        Defendants.

Case No. 26-cv-2071-EFM-JBW

## ORDER REGARDING SERVICE ON DEFENDANTS IN FOREIGN COUNTRIES

The Complaint (Dkt. 1) in this case was filed February 4, 2026. The files and records of the Court disclose that no service of the summons and the Complaint has been accomplished on Defendants Ninebot, Ltd., and Ninebot (Changzhou) Tech Co., Ltd.

On May 7, 2026, the Court contacted Plaintiff's counsel by email to inquire as to the status of service on Defendants Ninebot, Ltd. and Ninebot (Changzhou) Tech Co., Ltd., which are foreign entities. Counsel responded Plaintiff had retained a third party to assist with international service of process on both remaining defendants through the Hague Convention, the process was ongoing, and counsel would remain diligent in that process. Counsel further responded that estimated time for service on Ninebot, Ltd. (Cayman Islands) is approximately 1–3 months, and time for service on Ninebot Changzhou Tech. Co., Ltd. (China) is approximately 2–5 months.

The Court lacks personal jurisdiction over a defendant if service of process is insufficient under Federal Rule of Civil Procedure 4.[1] Rule 4(m) generally limits the time to accomplish such service on nonforeign defendants to "within 90 days after the complaint is filed." However, Rule 4(m) expressly states it "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)."[2] Thus, Rule 4(m) does not apply to service on a corporation, partnership, or association in a foreign country under Rule 4(h)(2). Even so, the "time allowed for foreign service is not unlimited."[3] At least one case from this District has set a deadline for the plaintiff to accomplish service on a foreign defendant and required the plaintiff to demonstrate "reasonable efforts to serve defendant abroad, and that service of process on defendant is eminent or feasible" for any extension request.[4]

The Court directs Plaintiff to exercise reasonable efforts to effectuate service on Defendants Ninebot, Ltd. and Ninebot (Changzhou) Tech Co., Ltd. The Court further ORDERS Plaintiff to file a status report on or before **August 14, 2026**, if returns of service for these Defendants have not been filed by that date. This status report should provide sufficient detail to update the Court on the steps taken to effectuate service, when returns of service are expected, and any other information to demonstrate reasonable efforts in effectuating service.

**IT IS SO ORDERED.**

---

[1] *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1273 (D. Kan. 2011).

[2] Fed. R. Civ. P. 4(m).

[3] *Briseno v. Mktg. & Mgmt. Sols., LLC*, No. 18-02482-CM-JPO, 2020 WL 618577, at *3 (D. Kan. Feb. 10, 2020) (citing *Nylock Corp. v. Fasterner World Inc.*, 396 F.3d 805, 806 (7th Cir. 2005)).

[4] *MacGirvin v. Sook*, No. 08-2197-KHV, 2009 WL 424587, at *2 (D. Kan. Feb. 19, 2009) (citing *Nabulsi v. Nahyan*, No. H–06–2683, 2008 WL 1924235, at *5–6 (S.D. Tex. Apr. 29, 2008)).

Dated on May 19, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge